# UNITED STATES DISTRICT COURT
### for
### WESTERN DISTRICT OF TENNESSEE

FILED BY_____D.C.

U.S.A. vs. LaQuita Boyland-Jones          Docket No. 2:04CR20120-M 4:12

04-20120-Ma

### Petition on Probation and Supervised Release

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

COMES NOW Edward E. Shaw, **PROBATION OFFICER OF THE COURT** presenting an official report upon the conduct and attitude of Laquita Boyland-Jones who was placed on supervision by the Honorable Samuel H. Mays, Jr., sitting in the Court at Memphis, TN, on the 31st day of August, 2004, who fixed the period of supervision at three (3) years*, and imposed the general terms and conditions theretofore adopted by the Court and also imposed Special Conditions and terms as follows:

(1) The defendant shall serve six (6) months halfway house confinement where defendant can receive drug abuse treatment. **
(2) The defendant shall participate in a program approved by the Probation Officer for treatment of narcotic addiction.
(3) The defendant shall participate in a program of mental health treatment approved by the Probation Officer.
(4) The defendant shall be prohibited from incurring new credit charges.
(5) The defendant shall provide the Probation Officer access to any requested financial information.
(6) The defendant shall pay restitution in the amount of Five Hundred Dollars ($500.00) in regular monthly installments of not less than ten percent (10%) of the defendant's gross monthly income.

\* Term of Supervised Release began on September 30, 2004.
\** On May 13, 2005, the Court imposed an additional Special Condition requiring the defendant to complete five (5) months of Home Confinement as a consequence of failing to satisfy the halfway house confinement.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

**The defendant shall not commit another Federal, state, or local crime.**

On October 1, 2005, the defendant was arrested by the Memphis Police Department after officers discovered .3 grams of Cocaine on her person. On October 18, 2005, in Shelby County General Sessions Court, the defendant pled guilty to the misdemeanor offense of Possession of a Controlled Substance (Cocaine), in violation of T.C.A. 39-§17-418, and was sentenced to sixty (60) days imprisonment.

**PRAYING THAT THE COURT WILL ORDER SUMMONS** be issued for Laquita Boyland-Jones to appear before the Court to answer charges of violation of Supervised Release.

**ORDER OF COURT**

Considered and ordered this 29th day of November 2005 and ordered filed and made a part of the records in the the above case.

_____
Honorable Samuel H. Mays, Jr.
United States District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: November 16, 2005

_____
United States Probation Officer

Place: Memphis, TN

# VIOLATION WORKSHEET

1. Defendant   __LaQuita Boyland-Jones__   (Current Address: 1166 Fiber Road, Memphis, TN 38109)

2. Docket Number (Year-Sequence-Defendant No.)   __2:04CR20120-01__

3. District/Office   __Western District of Tennessee (Memphis)__

4. Original Sentence Date   __8__ / __31__ / __2004__
   month   day   year

5. Original District/Office   ____

6. Original Docket Number (Year-Sequence-Defendant No.)   ____

7. List each violation and determine the applicable grade {see §7B1.1}:

   | Violation(s) | Grade |
   |---|---|
   | New Misdemeanor Conviction: Possession of a Controlled Substance | C |

8. Most Serious Grade of Violation (see §7B1.1(b))   __C__

9. Criminal History Category (see §7B1.4(a))74   __I__

10. Range of imprisonment (see §7B1.4(a))   __3 - 9__ months
    Statutory Maximum: 36 months

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

    { x }   (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3©(1) provides sentencing options to imprisonment.

    { }   (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3©(2) provides sentencing options to imprisonment.

    { }   ©) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

**DEFENDANT:**  LaQuita Boyland-Jones

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation {see §7B1.3(d)}:

    Restitution ($) __$500__                 Community Confinement _____

    Fine ($) _____                  Home Detention __1 ½ months__

    Other __Special Assessment: $100__       Intermittent Confinement _____

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3{see §§7B1.3(g)(1)}.

    Term: _____ to _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment {see 18 U.S.C. §3583(e) and §7B1.3(g)(2)}.

    Period of supervised release to be served following release from imprisonment: __No more than 5 years less the length of any imprisonment imposed__.

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

    Pursuant to §7B1.3(d) any home detention previously imposed remains unserved at the time of revocation may be served in addition to the sanction determined under §7B1.4.

15. **Official Detention Adjustment** {see §7B1.3(e)}: _____ months _____ days

**Mail documents to: United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W. Suite 1400, Washington, D.C., 20004, Attention: Monitoring Unit**

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 36 in case 2:04-CR-20120 was distributed by fax, mail, or direct printing on December 5, 2005 to the parties listed.

---

Laquita Boyland-Jones
1166 Fiber Rd.
Memphis, TN 38109

Edwin A. Perry
FEDERAL PUBLIC DEFENDER
200 Jefferson Ave.
Ste. 200
Memphis, TN 38103

PDA
FEDERAL PUBLIC DEFENDER
200 Jefferson Ave.
Ste. 200
Memphis, TN 38103

Tracy Lynn Berry
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT